IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALJAWON DAWYANE MILES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 3:13cv320-WHA |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

On May 8, 2013, federal inmate Aljawon Dawyane Miles ("Miles") filed this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  Doc. No. 1.  Miles challenges his guilty plea conviction and resulting sentence imposed in June 2010 for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  He argues that the district court improperly participated in the plea-negotiation process and that his 48-month sentence violated the terms of the plea agreement.  *See* Doc. No. 1; Doc. No. 12.  The Government answers that Miles's § 2255 motion should be dismissed as untimely under the one-year limitation period in 28 U.S.C. § 2255(f).[1]  *See* Doc. No. 9 at 5-6.

---

[1] The Government also argues Miles's § 2255 motion is barred by a provision in the plea agreement under which he waived his right to collaterally attack his sentence except on grounds of ineffective assistance of counsel and prosecutorial misconduct.  *See* Doc. No. 9 at 7-8.  Because a transcript of the change of plea hearing was not generated in Miles's case, and because Miles's § 2255 motion is plainly time-barred, the court pretermits discussion of the Government's argument that the motion is also barred by the waiver provision in the plea agreement.

## II.  DISCUSSION

### *One-year Limitation Period*

The timeliness of Miles's § 2255 motion is governed by 28 U.S.C. § 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Miles pled guilty on February 11, 2010, and was sentenced to 48 months in prison on June 3, 2010.  The district court entered judgment on June 15, 2010.  Miles took no appeal.  Under § 2255(f)(1), then, his conviction became final on June 29, 2010, upon expiration of the time for him to file an appeal (i.e., 14 days after entry of judgment by the district court).  *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P.

4(b)(1)(A)(i). He therefore had until June 29, 2011, to file a § 2255 motion that was timely under § 2255(f)(1). He did not file his § 2255 motion until May 8, 2013. Consequently, absent statutory or equitable tolling, his § 2555 motion is time-barred.

Miles makes no attempt to argue that the limitation period in his case is governed by any statutory tolling provision in § 2255(f)(2)-(4). However, he suggests he is entitled to equitable tolling because he "lacks knowledge of law," was incarcerated in state facilities with limited or no law libraries – or was put in segregation – during the initial part of his sentence, and was also transferred "from prison to prison" during that period. Doc. No. 11 at 1-2.

The limitation period in federal habeas proceedings (28 U.S.C. §§ 2254 and 2255) may be equitably tolled on grounds apart from those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court confirmed that the limitation period is subject to equitable tolling where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." 560 U.S. at 649; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

The facts asserted by Miles do not warrant equitable tolling. Ignorance of the law and

3

lack of legal assistance, which in effect is what Miles is asserting with his inadequate-law-library claim, generally do not warrant equitable tolling. *See Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001) (denying equitable tolling to inmate whose prison library allegedly lacked copies of relevant law); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (inmate not entitled to equitable tolling when he was ignorant of the law and filing deadline due to inadequate prison library); *Scott v. Johnson*, 227 F.3d 260, 263 n.3 (5th Cir. 2005) (finding that an inadequate law library does not constitute a "rare and exceptional" circumstance warranting equitable tolling); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate.").

Further, routine transfers resulting in separation from legal papers and lockdowns or confinement for a portion of the statutory period are generally not considered "extraordinary circumstances" for purposes of invoking equitable tolling. *See Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (holding that lockdown would not equitably toll the running of the one-year period because prisoner had adequate time to file a timely motion to vacate when he was not in lockdown situation); *see also Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) (finding equitable tolling was not appropriate where petitioner was transferred to a different facility and detained there for over ten months without access to his legal papers; "*Akins* suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances'") (citing *Akins*, 204 F.3d at 1089-90); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007)

4

(denial of equitable tolling not abuse of discretion; lack of access to law library and legal papers for as much as ten months of one-year limitations period were not extraordinary and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition). While the intentional and wrongful confiscation of a prisoner's habeas corpus petition and related legal papers by a corrections officer shortly before the filing deadline may justify equitable tolling, *see Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000), Miles does not allege (much less demonstrate) that prison officials blocked him from accessing his legal materials for the purpose of obstructing the timely filing of his § 2255 motion.  Thus, he fails to set forth "extraordinary circumstances" that satisfy the standards justifying equitable tolling.

Even if Miles demonstrated "extraordinary circumstances" (which he hasn't), he fails to demonstrate he acted with "reasonable diligence" throughout the period he seeks to toll. Indeed, he has not shown with any degree of particularity what efforts he made that would even arguably constitute an appropriate degree of diligence for someone in his situation. And while his arguments for equitable tolling seem to concern periods through December 2011, he does not suggest why he waited an additional sixteen months after December 2011 before filing his § 2255 motion.

For the reasons indicated, Miles is not entitled to equitable tolling of the limitation period.  Consequently, his § 2255 motion is time-barred under § 2255(f).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28

U.S.C. § 2255 motion be denied and this case dismissed with prejudice, as the § 2255 motion was not filed within the controlling federal limitation period, 28 U.S.C. § 2255(f).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 4, 2015**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); see *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); see also *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of February, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE